FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10628 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00858-DLJ |
| v. | |
| JOSE CUEVAS-ESTRADA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Jose Cuevas-Estrada appeals from the district court's judgment and

challenges the 57-month sentence imposed following his guilty-plea conviction for

illegal reentry following deportation, in violation of 8 U.S.C. § 1326.  We have

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cuevas-Estrada contends that the district court abused its discretion by denying his request for a cultural assimilation departure on the basis of a clearly erroneous fact, and by denying his request for a downward departure in his criminal history category. This court does not review the denial of a departure; rather, our review is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012). The substantive reasonableness of a sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Contrary to Cuevas-Estrada's contention, the district court did not abuse its discretion in imposing his sentence. The court varied downward from the advisory Sentencing Guidelines range because it believed that the 16-level enhancement for Cuevas-Estrada's prior offense was excessive. The sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), including the need to deter and to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**